IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rollins Ranches, LLC, and British Gundogs, LLC, | C/A No.: 0:18-3278-SAL-SVH |
| Plaintiffs, | |
| vs. | ORDER |
| Rachael Watson, | |
| Defendant. | |

Rollins Ranches, LLC ("Rollins"), and British Gundogs, LLC (collectively, "Plaintiffs"), brought this action against Rachel Watson ("Watson" or "Defendant"), who is proceeding pro se, alleging defamation, tortious interference with existing and prospective business relationships, and civil conspiracy based on Defendant's alleged interactions with "persons in the dog training and breeding industry," an industry in which both Plaintiffs and Defendant are involved. [*See* ECF No. 1]. More specifically, Plaintiffs argue "Defendant had, in conspiracy with her husband, Robin Watson [("Watson")], defamed Plaintiffs and tortuously interfered with Plaintiffs' business relationships in the dog breeding and training community. The complaint includes the factual allegation that Defendant has continued to defame and interfere with Plaintiff's business relationships." [*See* ECF No. 19 at 1]. This

matter comes before the court on Plaintiffs' renewed motion to compel discovery, filed November 7, 2019. [ECF No. 28].

The case was referred to the undersigned on April 16, 2020, pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). This matter having been fully briefed [ECF No. 28, 29, 30, 31], it is ripe for disposition. For the reasons that follow, the court grants Plaintiffs' motion.

I.    Factual and Procedural Background

On December 5, 2018, Plaintiffs filed the instant suit against Defendant, serving Defendant with the summons and complaint on March 9, 2019. [ECF No. 10].[1] Defendant failed to timely file an answer, and Plaintiffs requested an entry of default on April 23, 2019, which the clerk of court entered on the same day. [ECF Nos. 13, 14].

On May 29, 2019, Plaintiffs sought, and the court granted, leave to engage in post-judgment discovery to establish the extent of damage suffered by Plaintiffs as a result of Defendant's actions. [ECF Nos. 16, 17]. Plaintiffs

---

[1] The current legal dispute is not the first between these parties. On May 31, 2017, Watson brought claims against Rollins in the Southern District of Florida pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., seeking unpaid wages and liquidated damages. *Watson v. Rollins Ranches*, C/A No. 2:17-14193-SMM (S.D. Fla. 2017) ("Florida litigation"). In that case, following various discovery disputes, the parties filed a joint motion for settlement approval, which was approved on February 1, 2018. The court takes judicial notice of this action. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

2

served Defendant with requests for production that sought, among other things, access to Defendant's social media accounts electronically-stored information ("ESI"), electronic mail communications, records of telephone communications, and bank account records. Plaintiffs argue they need this information to "identify the persons in the dog breeding and training community with whom Defendant has communicated" to determine who "Plaintiffs' counsel could interview and, if appropriate, subpoena for deposition to discover evidence to establish the damage Plaintiffs have suffered as a result of Defendant's admitted, and continuing, defamation and tortious interference." [ECF No. 19 at 2].

On September 3, 2019, Plaintiffs filed a motion to compel discovery responses and production of records. [ECF No. 19]. Defendant filed a response in opposition, not disputing that she is in default, but arguing that she attempted to provide the requested information to Plaintiffs at the time and place they had identified. [ECF No. 20].[2]

On October 9, 2019, the court issued the following order: "The Court is of the firm opinion that Plaintiffs' Motion to Compel Discovery is a matter that the parties in this case could and should resolve without further Court

---

[2] Plaintiffs argued, in response, that prior to the time in question, Defendant had ceased to communicate with them, and therefore they "did not incur the expense of having counsel travel to [the relevant location] on the date proposed in the notice for production of records." [ECF No. 21 at 2 n.1].

3

intervention," directing the parties to file a status report on resolution attempts no later than October 23, 2019. [ECF No. 22]. The parties failed to file a status report, and therefore the court denied Plaintiffs' motion to compel without prejudice. [ECF No. 24].[3]

On October 28, 2019, Defendant filed a letter with the court stating she had not given permission for Plaintiffs to contact her by email and that she wanted communication to stop, attaching to her letter an email sent by Plaintiffs on October 22, 2019, informing Defendant that the documents she had provided were not responsive to their discovery requests and directing her to the requests that remained outstanding. [ECF No. 27, ECF No. 27-1].

On November 7, 2019, Plaintiffs filed the instant renewed motion to compel discovery responses and production of records reiterating that Defendant's production in response to their discovery requests are not responsive. [ECF No. 28 at 2]. More specifically, and as summarized by them, Plaintiffs seek the following:

> 1. Provide electronic access to Plaintiff's counsel, or their identified forensic ESI agent, to any social media accounts that are now or have since December 2, 2016 been used on any occasion by Defendant Rachael Watson, including, specifically, the private or 'closed' Facebook account for Tibea Gundogs identified at Docket No. 28-1 and referenced in Docket No. 1-4. Through this access, Defendant will produce the identities and contact information of

---

[3] Plaintiffs argue no status report was filed because of Defendant's refusal to participate in Plaintiffs' efforts to resolve the dispute, including her failure to respond to a telephone call made by Plaintiffs on October 14, 2019. [*See* ECF No. 28 at 1].

4

> any members or persons posting or responding to posts on any such social media accounts, and produce any social media postings made by Defendant and responses or comments made by any members or participants on such social media. *See* Plaintiffs' discovery request nos. 1, 2.
>
> 2. Provide electronic access to Plaintiff's counsel, or their identified forensic ESI agent, to any electronic mail account(s) that are now or have since 2016 been used on any occasion by Defendant Rachael Watson, including, specifically, any electronic mail accounts at the domain names identified in Plaintiffs' discovery request no. 5, 6 and 8. The access ordered must provide access to any electronic mail communications by Defendant Rachael Watson, regardless of the name on the electronic mail address, and the complete thread of responses and replies on any such electronic mail conversation.
>
> 3. Produce unredacted telephone billing statements, reflecting numbers called or received, since December 2, 2016 for any telephone numbers used by Defendant Rachael Watson, including, but not limited to, number [xxx-xxxx]. *See* Plaintiffs' request no. 3.
>
> 4. Produce unredacted copies of the bank and credit card statements requested in Plaintiffs' request no. 4.
>
> 5. If not produced as part of the production ordered in the preceding paragraphs, copies, in electronic form or as unredacted copies, any other communications response to Plaintiffs' request no. 7.[4]

[ECF No. 28-3 (citing ECF No. 28-2)].

Plaintiffs further argue as follows:

> Defendant Rachael Watson's history of admitted defamation and tortious interference was recorded in social media posts discovered

---

[4] Plaintiffs request number 7 seeks "[a]ny records of communications . . . reflecting Defendant's communications with [certain persons] or any other person(s) engaged in the breeding, training, kenneling, or sales of bird dogs which refer, directly or indirectly, to Plaintiffs or their agents and employees." [ECF No. 28-2 at 5].

> by the Plaintiffs when Mrs. Watson brought suit against the Defendants in Florida in 2017. When Rollins Ranches discovered the defamation and sought discovery in that litigation, Rachael Watson, represented by counsel, reluctantly cooperated, to a degree. She permitted access to social media accounts that ended when the Watsons' took their Tibea Gundogs Facebook page private in September, 2017, never producing a list of the members using their page. The Watsons continue to use that private Facebook page to this day, with more than 3,000 members. The conditions for that Facebook page provide that "Only members [determined by the Watsons] can see who's in the group and what they post." Plaintiffs' discovery requests are the means to compel access to that Facebook information (as one example) which Defendant refuses to provide . . . . Plaintiffs' counsel notes that the discovery requests offer and suggest alternative means for Defendant to produce the ESI to a forensic examiner, as was done in the parties earlier Florida litigation, to assuage any concerns the Defendant may have about inappropriate use or access of the information disclosed.

[ECF No. 28 at 2–4 (citations omitted)].

In response, Defendant (1) invokes the United Kingdom ("UK") Data Protection Act, (2) argues she has no e-mails pertaining to Plaintiffs and her closed Facebook page does not reference Plaintiffs, (3) asserts she has offered Plaintiffs access to her private and closed Facebook page, which she disputes went private in 2017, instead arguing it went private in 2015, and (4) argues she has no other bank accounts, including in the UK, other than a Wells Fargo account which Plaintiffs subpoenaed the records from in the Florida litigation. [ECF No. 29; ECF No. 31]. Defendant further argues that Plaintiffs "are trying a back-door approach to gain access to my husband's business dealings, contacts in the UK and bank accounts as they have been refused in the case

6

against him," further arguing that "Watson is not part of this lawsuit, I have no access to any of Mr. Watson's bank records, mobile phone bills or similar based in the UK." [ECF No. 31 at 2].[5]

## II.  Discussion

The court rejects Defendant's arguments (2)–(4), that she does not have the information requested by Plaintiffs or that she has offered to provide them the requested information via a Facebook "friend request." Defendant is obligated to provide responses to Plaintiffs' discovery requests. To the extent Plaintiffs seek information that does not exist, Defendant may indicate in her responses to Plaintiffs' requests, under penalty of perjury.

The court additionally rejects Defendant's invocation of the UK Data Privacy Act, the UK's implementation of the EU's General Data Protection Regulation ("GDPR") for two primary reasons.[6] First, "[i]t is well settled that

---

[5] On January 10, 2020, this case was reassigned to the Honorable Judge Sherri A. Lyndon, United States District Judge. [ECF No. 32]. On April 16, 2020, the case was referred to the undersigned. [ECF No. 35]. On April 20, 2020, the undersigned issued an order directing Defendant to notify the court by May 20, 2020, of the identity of an attorney she has retained to represent her in this case, or, alternatively, of her desire to continue to proceed with this litigation pro se. [ECF No. 37]. Plaintiff filed no response and the time to do so has elapsed.

[6] Although not clear, it appears that Defendant's position is that as a "British citizen . . . resident temporarily in N.C." [ECF No. 29 at 2] and a person with a phone, email, and website "run out of the UK, paid for in the UK, billed to a UK address," she is exempt from producing certain information by the referenced act. [ECF No. 31 at 1]. Defendant also appears to argue that to the extent responses, replies, and comments, as well as identities and contact information, concern persons located in the UK, the act also prevents

7

[foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987) (citation omitted).

Second, "[t]ypically, the party resisting the discovery bears the burden in these cases." *See* Privacy in the context of litigation—Foreign privacy laws/discovery, Info. Security & Privacy: A Guide to Fed & State Law & Compliance § 34:62. Here, Defendant has not carried her burden. Although she argues, without support, "[t]he Data protection act does apply to any contacts we have within the UK held on any UK mobile device" and that "[t]his was accepted by the Judge" in the Florida litigation, [ECF No. 29; ECF No. 31], a review of the Florida litigation docket does not reveal support for Defendant's position and no further information is provided by Defendant as to the applicability of the act. Defendant has only provided to the court general reference to the act in question by referencing the following websites:

---

Defendant's production. [ECF No. 31 at 1, *see also* ECF No. 26 at 1 ("Due to the data protection act and GDPR in Great Britain and Europe, Our British friends, family and clients would have to give permission for their details to be given out prior.")].

8

https://www.gov.uk/data-protection and https://gdpr.eu/compliance-checklist-us-companies.[7] This is insufficient to carry Defendant's burden.[8]

Accordingly, the undersigned grants Plaintiffs' motion.

III. Conclusion

For the foregoing reasons, the court grants Plaintiffs' motion to compel and enters the proposed order at ECF No. 28-3. Per that order, Defendant is directed to produce responsive documents to the requests found therein no later than 14 days from the date of this order. Plaintiffs are directed to submit a status report on the production of responsive records no later than 15 days after the date of this order. Following submission of Plaintiffs' status report, the undersigned will consider Plaintiffs' request for a status conference "to insure Defendant understands and complies with her discovery obligations." [ECF No. 30 at 4]. The court warns Defendant of the possibility of sanctions for her failure to comply with its rules and orders.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 22, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[7] Although Defendant states she has submitted to the court an "attached reference regarding the Data Protection Act," [ECF No. 29 at 1], and that a "UK solicitor . . . has on numerous times written to [Plaintiffs] to explain the law on the data protection act," [ECF No. 31 at 1], none of this information has been presented to this court.

[8] The undersigned notes that Plaintiffs have conceded the potential applicability of the referenced act "if and when [they] seek information from people in the UK." [ECF No. 27-1 at 1].

9