IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rollins Ranches LLC and British Gundogs, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Rachael Watson, <br><br> Defendant. | C/A No.: 0:18-3278-SAL-SVH <br><br><br><br> ORDER |

Default was entered against Defendant[1] in this case on April 23, 2019, and the court provided Plaintiffs with a 90-day discovery window to determine their damages, commencing June 20, 2019. [ECF Nos. 14, 17]. Discovery since then has been ongoing, contentious, and seemingly not productive.

On April 16, 2020, the case was referred to the undersigned. [ECF No. 35]. On May 22, 2020, the undersigned granted Plaintiffs' renewed motion to compel [ECF No. 28], directing Defendant to produce responsive documents to Plaintiffs' outstanding discovery requests within 14 days, and directing Plaintiffs to submit a status report on the production of responsive records within 15 days. [ECF No. 39].

---

[1] Defendant has informed the court that her legal name is not Rachael Watson but Rachael Corbett. [*See, e.g.*, ECF No. 46 at 2].

On July 7, 2020, 46 days from the date of the court's May 22, 2020 order, Plaintiffs filed the instant motion for contempt, sanctions, and to compel compliance with the court's May 22, 2020 order, arguing Defendant has failed to "produce responsive records, including electronic access to social media accounts, including the Watson's Tibea Gundogs Facebook account." [ECF No. 42 at 2]. Defendant disagrees, arguing that she has substantially complied with Plaintiffs' discovery requests, including providing Plaintiffs with copies of her "facebook page," which Defendant represents Plaintiffs have accessed. [*See* ECF No. 47 at 1; *see also* ECF Nos. 43, 46].[2]

At this time, Plaintiffs' motion for contempt and sanctions is denied without prejudice for renewal should Defendant's action warrant such a filing. *See Nutramax Labs., Inc. v. Manna Pro Prod., LLC*, C/A No. 0:16-01255-JMC,

---

[2] Defendant has provided the court with trickling information concerning the parties' discovery disputes, has failed to respond to Plaintiffs' motion clearly or in a timely manner, and has filed documents with the court apparently at random. [*See, e.g.*, ECF No. 26, 27, 44, 47]. Additionally, Defendant continues to invoke UK data protection laws, providing the court with, for example, an undated letter referencing an unknown "case number" that Defendant represents was sent to Plaintiffs at some point in time from UK solicitors, who, based on the letter submitted, appear to represent clients permanently residing in the UK. [*See* ECF No. 47 at 1–2]. Defendant has also submitted her complaint filed with the UK's Information Commissioner's Officer ("ICO") that appears to allege a data breach by Defendant caused by Plaintiffs and follow-up emails with the ICO. [*See* ECF No. 44 at 3 (ICO advising Defendant she would need "a valid lawful bases to share" the personal information of others under the relevant UK law)]. The court has ordered Defendant to produce the relevant discovery, has rejected Defendant's invocation of UK data protection laws, and the above-referenced documents submitted by Defendant do not warrant the court revisiting its prior order. [*See* ECF No. 39 at 7–9].

2016 WL 11604340, at *4 (D.S.C. Dec. 1, 2016) (citation omitted and emphasis added) (holding that a finding of civil contempt, and entry of appropriate sanctions, is warranted when there is *"clear and convincing evidence"* of "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor;' (3) *that the alleged contemnor by its conduct violated the terms of the decree*, and had knowledge (at least constructive) of such violations; and (4) that the movant suffered harm as a result.").

Additionally, keeping in mind the court's frustration at the pace this case has thus far proceeded, including both parties having ignored deadlines set by the court, and the court's intention to insure the case proceed expeditiously moving forward, the court directs Plaintiffs to submit affidavit evidence no later than September 10, 2020, detailing the specific discovery Plaintiffs have received.[3] Plaintiffs are also directed to inform the court the specific discovery that remains outstanding that is preventing them from filing a motion for default judgment against Defendant and thus allowing the court to determine the extent to which default judgment should be entered against Defendant and the amount Plaintiffs should be allowed to recover from Defendant.

---

[3] Defendant represents that Plaintiffs have access to some discovery due to discovery provided in previous litigation between the parties. [*See, e.g.*, ECF No. 46 at 1]. Given Defendant's pro se status, the court includes as discovery received by Plaintiffs, discovery to which Plaintiffs have ready access.

3

Defendant is warned that any outstanding discovery provided to Plaintiffs after September 3, 2020, will not be considered as having been provided to Plaintiffs, may be the basis for a renewed motion for sanctions and contempt by Plaintiffs, and/or may be the basis for the court to sua sponte determine sanctions are warranted against Defendant for her failure to abide by orders of the court. As the court has previously informed Defendant, failure to comply with this court's rules and orders could result in sanctions. **The court's review of the unreasonable position of Defendant exhibited so far will factor in the court's imposition of sanctions against her.**

The parties are urged to resolve their discovery disputes to allow this case to proceed in a more expeditious manner, otherwise their continued obstinance will be addressed without the patience exercised by the court thus far. Defendant is warned that the court will disregard any filings made inconsistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Defendant must comply with these rules, with her failure to do so at her peril. **Defendant is strongly advised to retain counsel licensed to practice in the District of South Carolina and warned that any advice upon which she attempts to rely rendered by foreign solicitors is inapplicable to the court's determination of her liability in this case.**

IT IS SO ORDERED.

*Shiva V. Hodges*

5

August 20, 2020                                           Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

5